UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: AUGUST 11, 2008
08CV4527
JUDGE GUZMAN
MAGISTRATE JUDGE DENLOW
TC
```

| | |
|---|---|
| Jason Donis<br>5101 Carriage Way Unit #112<br>Rolling Meadows, IL 60008<br><br>       Plaintiff,<br><br>v.<br><br>Asset Acceptance, LLC<br>c/o CT Corporation System<br>208 S. LaSalle St., STE814<br>Chicago, IL 60604<br><br>       Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 10, 2008, Defendant telephoned Plaintiff's mother ("Mother") in an effort to collect the debt.

8. During this communication, Mother notified Defendant that Plaintiff did not live with Mother and requested that Defendant cease further phone calls to Mother.

9. Despite Mother's notice, Defendant telephoned Mother in an effort to collect the debt on or around July 14, 2008.

10. During this communication, Defendant demanded that Mother provide Plaintiff's phone number and Mother refused.

11. On or around July 14, 2008, Mother informed Plaintiff of the communications referenced above.

12. On or around July 14, 2008, Plaintiff telephoned Defendant.

13. During this communication, Plaintiff requested that Defendant cease further calls to Mother.

14. On July 20, 2008, Plaintiff faxed Defendant a letter requesting that Defendant cease further telephone calls to Mother.

15. Despite Plaintiff's and Mother's notice, Defendant telephoned Mother in an effort to collect the debt on or around July 25, 2008.

16. During this communication, Mother again notified Defendant that Plaintiff did not live with Mother and hung up the telephone.

17. On or around July 25, 2008, within the minutes of the communication referenced immediately above, Defendant telephoned Mother again.

18. During this communication, Defendant threatened that Plaintiff would be in serious trouble if Mother did not disclose Plaintiff's phone number.

19. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the Debt.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

33. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

34. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

35. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

38. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff